Filed 4/9/14  DKN Holdings v. Neel CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| DKN HOLDINGS LLC, | |
| Plaintiff and Appellant, | E056497 |
| v. | (Super.Ct.No. RIC1109512) |
| MATTHEW NEEL, | O P I N I O N |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  John Vineyard, Judge.

Affirmed.

Prenovost, Normandin, Bergh & Dawe, Michael G. Dawe and Paula M. Harrelson for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## I.  DISCUSSION

This is the third appeal by plaintiff DKN Holdings LLC (DKN) in this action.  By this appeal, DKN seeks to reverse a postjudgment order dismissing DKN's complaint for

monies due under a commercial lease against defendant Matthew Neel, a colessee on the lease. We affirm the order dismissing Neel.

Neel's default was entered in the present action after he was served with DKN's complaint, but failed to appear. Thereafter, the trial court entered judgment in favor of another colessee, defendant Wade Faerber, after sustaining Faerber's demurrer to DKN's complaint without leave to amend.

In DKN's other two appeals in case Nos. E055732 and E056294, which have been consolidated for oral argument and decision, we affirmed the judgment of dismissal in favor of Faerber and a postjudgment order awarding Faerber attorney fees as the prevailing party in the action on the lease. In affirming the judgment of dismissal, we concluded that DKN's claims against Faerber and Neel were barred by the claim preclusion aspect of res judicata, because, in a prior action, DKN obtained a judgment on the merits for monies due on the same lease against a third colessee, Ray Caputo. As explained in our decision in case No. E055732, the judgment against Caputo bars DKN's claims against Faerber and Neel in the present action.

On its present appeal from the order dismissing Neel, DKN argues the trial court abused its discretion in disregarding a brief it filed opposing Neel's dismissal. DKN filed the brief prior to a hearing the trial court set on an order to show cause why Neel should not be dismissed, but DKN did not appear at the hearing. In its brief opposing Neel's dismissal, DKN pointed out that it was appealing the judgment of dismissal in favor of Faerber, and asked the court to either allow it to prove up its case against Neel or stay the

2

action against Neel pending the outcome of its appeal from the judgment of dismissal in favor of Faerber.  As he is in default, Neel has not filed a respondent's brief on this appeal.

As we explained in our decision in case No. E055732 affirming the judgment of dismissal in favor of Faerber, DKN cannot obtain a judgment against Neel on his present complaint for monies due on the lease for the same reason DKN cannot obtain a judgment against Faerber:  DKN's claims for monies due on the lease are barred by the claim preclusion aspect of res judicata.  (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797 [res judicata bars claims by party who obtained judgment on merits on same claims in prior action]; *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 282 [default judgment may not be based on complaint that fails to state a cause of action].)

## II.  DISPOSITION

The order dismissing DKN's complaint against Neel is affirmed.  Neel shall recover his costs, if any, on appeal.  (Cal. Rules of Court, rule 8.278.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING                         
J.

We concur:

HOLLENHORST          
Acting P. J.

RICHLI                
J.

3